UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

STEVE JABAR, *et al.*,

                        Defendant.

---

**09-CR-170-RJA**

**DEFENDANT STEVE JABAR'S
PROPOSED JURY INSTRUCTIONS**



        Defendant, Steve Jabar hereby submits the attached Defendant's Proposed Jury Instructions

in the above-referenced case.


        **DATED:**        Buffalo, New York, April 16, 2013.

                                Respectfully submitted,



                                **/s/Fonda Dawn Kubiak**
                                Fonda Dawn Kubiak
                                Assistant Federal Public Defender
                                Federal Public Defender's Office
                                300 Pearl Street, Suite 200
                                Buffalo, New York  14202
                                (716) 551-3341; FAX: 551-3346
                                fonda_kubiak@fd.org
                                Counsel for Defendant Steve Jabar

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                    v.                                                      **09-CR-170-RJA**

STEVE JABAR, et al.,

                    Defendants.

_____


## <u>INDEX</u>

**REQUEST NO.**                                                            **PAGE NO.**

1.      The Indictment: Count 1 (Conspiracy to Violate Federal Law)        4

2.      Purpose of the Statute                                             5

3.      Elements of Conspiracy                                             6

4.      First Element - Existence of an Agreement                         7

5.      Second Element - Membership in the Conspiracy                     8

6.      Third Element - Commission of an Overt Act                        10

7.      Fourth Element - Commission of Overt Act in Furtherance of Conspiracy    11

8.      The Indictment - Counts 2-4 (Wire Fraud)                          12

9.      Elements of Wire Fraud                                            13

10.     First Element - Existence of a Scheme or Artifice to Defraud      14

11.     Second Element - Participation in Scheme with Intent              16

12.     Third Element - Use of Wires                                      18

13.     The Indictment - Counts 5-9 (Money Laundering)                    19

-2-

14.   Elements of Money Laundering                                          20

15.   First Element - Engaging in a Monetary Transaction                    21

16.   Second Element - Transaction Involved Criminally Derived Property     22

17.   Third Element - Property Derived from a Specified Unlawful Activity   23

18.   Fourth Element - Knowledge                                           24

19.   Fifth Element - Transaction took Place in the United States           25

20.   The Indictment - Count 14 (Material False Statement)                  26

21.   The Purpose of the Statute                                           27

22.   Elements of Material False Statements                                28

23.   First Element - Statement or Representation                          29

24.   Second Element - Materiality                                         30

25.   Third Element - False, Fictitious, or Fraudulent Statement           31

26.   Fourth Element - Knowing and Willful Conduct                         32

27.   Fifth Element - Matter Within the Jurisdiction of the U.S. Government 33

28.   Good Faith Defense                                                   34

29.   Jury to Consider Only This Defendant                                 35

30.   Expert Witnesses                                                     36

31.   Law Enforcement Witness                                              37

AO 72A
(Rev. 8/82)

**REQUEST NO. 1**
**THE INDICTMENT - COUNT ONE**

The defendant is charged with conspiracy to violate federal law. The indictment reads:

[Read Count I of the Indictment]

The relevant statute on this subject is 18 U.S.C. § 371. It provides:

If two or more persons conspire . . . to commit any offense against the United States . . . , and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States].

**1-19 *Modern Federal Jury Instructions - Criminal* § 19.01 (Matthew Bender)**

AO 72A
(Rev. 8/82)

## REQUEST NO. 2
## PURPOSE OF THE STATUTE

In this case, the defendant is accused of having been a member of a conspiracy to violate certain federal laws.  A conspiracy is a kind of criminal partnership - - a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

**1-19 *Modern Federal Jury Instructions - Criminal* § 19.01 (Matthew Bender)**

**<u>REQUEST NO. 3</u>**
**<u>ELEMENTS OF CONSPIRACY</u>**

In order to satisfy its burden of proof, the government must establish each of the following four essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the indictment starting on or about June 2004;

Second, that the defendant knowingly and willfully became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

Fourth, that the overt acts which you find to have been committed were committed to further some objective of the conspiracy.

**1-19** *Modern Federal Jury Instructions – Criminal* § **19.01 (Matthew Bender)**

**REQUEST NO. 4**
**FIRST ELEMENT– EXISTENCE OF AGREEMENT**

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

**1-19** *Modern Federal Jury Instructions – Criminal* **§ 19.01 (Matthew Bender)**

## REQUEST NO. 5
## SECOND ELEMENT - MEMBERSHIP IN CONSPIRACY

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

The defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of

conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement - - that is to say, a conspirator.

**1-19 *Modern Federal Jury Instructions – Criminal* § 19.01 (Matthew Bender)**

AO 72A
(Rev. 8/82)

**REQUEST NO. 6**
**THIRD ELEMENT - COMMISSION OF AN OVERT ACT**

The third element which the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged.

The indictment charges that the following overt acts were committed in the Western District of New York and elsewhere:

 [Read overt acts.]

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment be proven.

Similarly, you need not find that the defendant in this case committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

You must also find that the overt act occurred while the conspiracy was still in existence.

Finally, you must find that either the agreement was formed or that an overt act was committed in the Western District of New York, which includes the Counties of Allegany, Cattaraugus, Chautauqua, Chemung,  Erie, Genesee, Livingston, Monroe,  Niagara, Ontario , Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates; and the waters thereof.

**As adapted, 1-19 *Modern Federal Jury Instructions – Criminal* §19.01 (Matthew Bender)**

AO 72A
(Rev. 8/82)

**REQUEST NO. 7**
**FOURTH ELEMENT - OVERT ACT IN FURTHERANCE OF THE CONSPIRACY**

The fourth, and final, element which the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which, in and of itself is criminal or constitutes an objective of the conspiracy.

**1-19** *Modern Federal Jury Instructions – Criminal* § 19.01 (Matthew Bender)

**REQUEST NO. 8**
**THE INDICTMENT - COUNTS 2-4**

The Indictment charges that the defendant devised a scheme to defraud (e.g., by means of false representations) and in furtherance of that scheme knowingly caused interstate wires to be used.

The Indictment reads: [Read Counts 2-4 of Indictment]

The relevant statute on this subject is Section 1343 of Title 18 of the United States Code.  It provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime].

**2-44** *Modern Federal Jury Instructions - Criminal*, **¶ 44.01 (Matthew Bender)**

AO 72A
(Rev. 8/82)

**REQUEST NO. 9**
**ELEMENTS OF WIRE FRAUD**

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution of that scheme, the defendant used or caused the use of a private or commercial interstate carrier or interstate wires as specified in the indictment.

**2-44** *Modern Federal Jury Instructions - Criminal*, ¶ **44.01 (Matthew Bender)**

<u>**REQUEST NO. 10**</u>
**FIRST ELEMENT - EXISTENCE OF SCHEME OR ARTIFICE TO DEFRAUD**

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud UNIFEM of money or property by means of false or fraudulent pretenses, representations or promises.

This first element is almost self-explanatory. A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making false or fraudulent statements or representations, or claims.

A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation (or failure to disclose) must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person or investor might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

**As adapted, 2-44 *Modern Federal Jury Instructions - Criminal*, ¶ 44.01 (Matthew Bender)**

## REQUEST NO. 11
## SECOND ELEMENT - PARTICIPATION IN SCHEME WITH INTENT

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

There is another consideration to bear in mind in deciding whether or not defendant acted in good faith. You are instructed that if the defendant participated in the scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that the defendant acted in good faith. If the defendant participated in the scheme for the purpose of causing some financial or property loss to another, then no amount of honest belief on the part of the defendant that the scheme would (e.g., ultimately make a profit for the investors) will excuse fraudulent actions or false representations by him.

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

AO 72A
(Rev. 8/82)

 The government can also meet its burden of showing that the defendant had knowledge of the falsity of the statements if it establishes beyond a reasonable doubt that he acted with deliberate disregard of whether the statements were true or false, or with a conscious purpose to avoid learning the truth. If the government establishes that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statements to be true. This guilty knowledge, however, cannot be established by demonstrating that the defendant was merely negligent or foolish.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

**2-44** *Modern Federal Jury Instructions - Criminal*, **¶ 44.01 (Matthew Bender)**

## REQUEST NO. 12
## THIRD ELEMENT - USE OF WIRES

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London. A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call (or transfer the funds). When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used. The government contends that it was reasonably foreseeable that the wires would be used in the ordinary course of business (e.g., to transfer the funds between banks,) and therefore that the defendant caused the use of the wires.)

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment. However, the government does not have to prove that the wires were used on the exact date charged in the indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

**2-44** *Modern Federal Jury Instructions - Criminal*, ¶ **44.01 (Matthew Bender)**

## REQUEST NO. 13
## THE INDICTMENT - COUNTS 5-9

The defendant is charged with engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, section 1957. The indictment reads as follows

[Read Counts 5-9 of Indictment]

Section 1957 of Title 18, United States Code, makes it a crime to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000.

Specifically, section 1957 provides:

Whoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity [and does so either] in the United States or in the special maritime and territorial jurisdiction of the United States [or] outside the United States and such special jurisdiction but the defendant is a United States person [commits a crime].

**3-50A** *Modern Federal Jury Instructions - Criminal*, ¶ 50A.06 (Matthew Bender)

## REQUEST NO. 14
## ELEMENTS OF MONEY LAUNDERING

In order to prove the crime of engaging in monetary transactions in property derived from specified unlawful activity in violation of section 1957, the government must establish beyond a reasonable doubt each of the following elements:

First, that the defendant engaged (or attempted to engage) in a monetary transaction in or affecting interstate commerce.

Second, that the monetary transaction involved criminally derived property of a value greater than $10,000.

Third, that the property was derived from specified unlawful activity.

Fourth, that the defendant acted knowingly that is, with knowledge that the transaction involved proceeds of a criminal offense.

Fifth, that the transaction took place in the United States ( or the defendant is a United States person, as I will define that term for you).

**3-50A** *Modern Federal Jury Instructions - Criminal*, **¶ 50A.06 (Matthew Bender)**

AO 72A
(Rev. 8/82)

**REQUEST NO. 15**
**FIRST ELEMENT - ENGAGING IN A MONETARY TRANSACTION**

The first element which the government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction affected interstate commerce in some way, however minimal. This effect on interstate commerce can be established in several ways. First, any monetary transaction with a financial institution insured by the FDIC affects interstate commerce, so if you find that the financial institutions specified in the indictment are insured by the FDIC that is enough to establish that the transaction affected interstate commerce. Second, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well. Third, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

**3-50A** *Modern Federal Jury Instructions - Criminal*, ¶ 50A.06 (Matthew Bender)

**REQUEST NO. 16**
**SECOND ELEMENT - TRANSACTION INVOLVED**
**CRIMINALLY DERIVED PROPERTY**

The second element which the government must prove beyond a reasonable doubt is that the monetary transaction involved criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.  The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.

The government is not required to prove that all of the property involved in the transaction was criminally derived property.  However, the government must prove that more than $10,000 of the property involved was criminally derived property.

**3-50A** *Modern Federal Jury Instructions - Criminal*, ¶ 50A.06 (Matthew Bender)

AO 72A
(Rev. 8/82)

**REQUEST NO. 17**
**THIRD ELEMENT - PROPERTY DERIVED FROM**
**SPECIFIED UNLAWFUL ACTIVITY**

The third element which the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

I instruct that this element refers to a requirement that the defendant knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a criminal offense under state or federal law. I instruct you as a matter of law that wire fraud is a criminal offense.

**As adapted, 3-50A *Modern Federal Jury Instructions - Criminal,* ¶ 50A.06 (Matthew Bender)**

## REQUEST NO. 18
## FOURTH ELEMENT - KNOWLEDGE

The fourth element which the government must prove beyond a reasonable doubt is that the defendant knowingly engaged in an unlawful monetary transaction, as defined above.

I instruct you that in a prosecution for an offense under this section, the government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived. However, the government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find that the government has established, beyond a reasonable doubt, that the defendant knew that the transaction involved property derived from a criminal offense, then this element is satisfied.

**3-50A** *Modern Federal Jury Instructions - Criminal*, ¶ 50A.06 (Matthew Bender)

## REQUEST NO. 19
## FIFTH ELEMENT - TRANSACTION TOOK PLACE IN THE UNITED STATES

The fifth element which the government must prove beyond a reasonable doubt is that the transaction took place in the United States (or the defendant is a United States person).

A "United States person" is a citizen or national of the United States or an alien lawfully admitted to permanently reside in the United States.

**3-50A** *Modern Federal Jury Instructions - Criminal*, ¶ 50A.06 (Matthew Bender)

## REQUEST NO. 20
## THE INDICTMENT - COUNT 14

The defendant is charged with knowingly and willfully making false statements to the Internal Revenue Service and the Federal Bureau of Investigation.  The indictment reads as follows:

[Read Count 14 of the Indictment]

You will observe that the indictment charges that the defendant knowingly and willfully made a materially false, fictitious or fraudulent statement or representation.

In this case, the government contends that the evidence shows that the defendant stated to a "Special Agent of the Internal Revenue Service, Criminal Investigation, and Special Agents of the Federal Bureau of Investigation, that the entire $350,000 grant from the United Nations was sent to Iraq for the radio station, with the exception of expenses totaling no more than $10,000; whereas in truth and in fact, and as defendant JABAR then and there well knew, tens of thousands of dollars of the UNIFEM grant money was used to pay defendant JABAR's personal loans and expenses and not sent to Iraq for purposes of the radio station."

The relevant statute on this subject is section 1001(a) of Title 18 of the United States Code. It provides:

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully–

> (1)    falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
>
> (2)    makes any materially false, fictitious or fraudulent statement or representation; or
>
> (3)    makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry

shall be [guilty of a crime].

**2-36** *Modern Federal Jury Instructions - Criminal*, ¶ **36.01 (Matthew Bender)**

**REQUEST NO. 21**
**THE PURPOSE OF THE STATUTE**

The purpose of section 1001 is to protect the authorized functions of the various governmental departments from any type of misleading or deceptive practice and from the adverse consequences which might result from such deceptive practices.

To establish a violation of section 1001, it is necessary for the government to prove certain essential elements - - which I will soon describe for you - - beyond a reasonable doubt.  However, I want to point out now that it is not necessary for the government to prove that the government agency was, in fact, misled as a result of the defendant's action. It does not matter that the agency was not misled, or even that it knew of the misleading or deceptive act, should you find that the act occurred. These circumstances would not excuse or justify a concealment undertaken, or a false, fictitious or fraudulent statement made, or a false writing or document submitted, willfully and knowingly about a matter within the jurisdiction of the government of the United States.

**2-36 *Modern Federal Jury Instructions - Criminal*, ¶ 36.01 (Matthew Bender)**

**REQUEST NO. 22**
**ELEMENTS OF MATERIAL FALSE STATEMENT**

In order to prove the defendant guilty of the crime charged, the government must establish beyond a reasonable doubt that:

First, on or about the date specified, the defendant made a statement or representation;

Second, that this statement or representation was material;

Third, the statement or representation was false, fictitious or fraudulent;

Fourth, the false, fictitious or fraudulent statement was made knowingly and willfully; and

Fifth, the statement or representation was made in a matter within the jurisdiction of the government of the United States (or federal funds were involved).

**2-36** *Modern Federal Jury Instructions - Criminal*, **¶ 36.01 (Matthew Bender)**

**REQUEST NO. 23**
**FIRST ELEMENT -STATEMENT OR REPRESENTATION**

The first element that the government must prove beyond a reasonable doubt is that the defendant made a statement or representation.  In this regard, the government need not prove that the defendant physically made or otherwise personally prepared the statement in question. It is sufficient if defendant caused the statement charged in the indictment to have been made. Under this statute, there is no distinction between written and oral statements.

**2-36** *Modern Federal Jury Instructions - Criminal*, ¶ **36.01 (Matthew Bender)**

## REQUEST NO. 24
## SECOND ELEMENT - MATERIALITY

The second element the government must prove beyond a reasonable doubt is that the defendant's statement or representation was material.

A fact is material if it was capable of influencing the government's decisions or activities. However, proof of actual reliance on the statement by the government is not required.

**2-36** *Modern Federal Jury Instructions - Criminal*, ¶ **36.01 (Matthew Bender)**

## REQUEST NO. 25
## THIRD ELEMENT - FALSE. FICTITIOUS OR FRAUDULENT STATEMENT

The third element that the government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious or fraudulent. A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

If the agents' questions were ambiguous, so that it reasonably could be interpreted in several ways, then the government must prove that defendant's answer was false under any reasonable interpretation of the question.

**As adapted, 2-36 *Modern Federal Jury Instructions - Criminal*, ¶ 36.01 (Matthew Bender)**

## REQUEST NO. 26
## FOURTH ELEMENT - KNOWING AND WILLFUL CONDUCT

The fourth element which the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

An act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidently.

An act is done willfully if it is done with an intention to do something the law forbids, that is, with a bad purpose to disobey the law.

**2-36 *Modern Federal Jury Instructions - Criminal*, ¶ 36.01 (Matthew Bender)**

**REQUEST NO. 27**
**FIFTH ELEMENT - MATTER WITHIN THE**
**JURISDICTION OF THE U.S. GOVERNMENT**

As I have told you, the fifth element with respect to each count is that the statement (or representation) be made with regard to a matter within the jurisdiction of the government of the United States.   I charge you that the Internal Revenue Service and the Federal Bureau of Investigation are departments of the United States government.

There is no requirement that the statement be actually directed to or given to the Internal Revenue Service and the Federal Bureau of Investigation. All that is necessary is that you find that it was contemplated that the statement was to be utilized in a matter which was within the jurisdiction of the government of the United States.   To be within the jurisdiction of a department or agency of the United States government means that the statement must concern an authorized function of that department or agency.

(In this regard, it is not necessary for the government to prove that the defendant had actual knowledge that (e.g., the false statement) was to be utilized in a matter which was within the jurisdiction of the government of the United States.  It is sufficient to satisfy this element if you find that the false statement was made with regard to a matter within the jurisdiction of the government of the United States.)

**As adapted, 2-36 *Modern Federal Jury Instructions - Criminal*, ¶ 36.01 (Matthew Bender)**

## REQUEST NO. 28
## GOOD FAITH DEFENSE

Good faith is an absolute defense to the charges in this case.

False Statement: A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime. This is so even if the statement is, in fact, erroneous.

Wire Fraud: If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.

**1-8 *Modern Federal Jury Instructions – Criminal*, § 8.01 (Matthew Bender)**

**REQUEST NO. 29**
**JURY TO CONSIDER ONLY THIS DEFENDANT**


You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of this defendant. You are not being asked whether any other person has been proven guilty. Your verdict should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.


**1-2** *Modern Federal Jury Instructions – Criminal*, **§ 2.01 (Matthew Bender)**

**REQUEST NO. 30**
**EXPERT WITNESSES**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Expert Testimony should be considered just like any other testimony. In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**As adapted, 1-7 *Modern Federal Jury Instructions – Criminal*, ¶ 7.01 (Matthew Bender); Eighth Circuit PJI Modern Federal Jury Instructions – Criminal, ¶ 4.10 (2012).**

**REQUEST NO. 31**
**LAW ENFORCEMENT WITNESS**

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**1-7 *Modern Federal Jury Instructions - Criminal* ¶ 7.01 (Matthew Bender)**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.                                   **09-CR-170-RJA**

STEVE JABAR, *et al.*,

                    Defendant.

---

## CERTIFICATE OF SERVICE

I hereby certify that on **April 16, 2013,** I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1. John E. Rogowski
   Assistant United States Attorney
   Western District of New York
   138 Delaware Avenue, Federal Centre
   Buffalo, New York  14202

2. Michael DiGiacomo
   Assistant United States Attorney
   Western District of New York
   138 Delaware Avenue, Federal Centre
   Buffalo, New York  14202

3. Mark J. Mahoney
   70 Niagara Square
   Buffalo, New York 14202

                                **/s/Joanne Sabatino**
                                Joanne Sabatino, Legal Secretary
                                Federal Public Defender's Office